993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice DAVIS, Plaintiff-Appellant,
v.
UNISEA, INC., a Washington corporation, Defendant-Appellee.
 No. 91-36037.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 11, 1993.
 
 Before: SKOPIL, ALARCON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In September 1989, the vessel OMNISEA collided with a pier in the East Duwamish waterway, United States navigable waters near Seattle, Washington. At that time, Maurice Davis was aboard the OMNISEA as a seaman. Davis claimed that he sustained a serious head injury as a result of being knocked over by the collision. Davis sued Unisea, Inc., the vessel owner, under general maritime law for maintenance and cure; the district court had jurisdiction pursuant to 28 U.S.C. § 1333.
 
 
 3
 While the fact of the collision was undisputed, Unisea claimed that the accident did not cause Davis' symptoms. Experts for both parties diagnosed Davis as suffering from an organic affective personality disorder, causing sudden, violent behavior. Davis' expert testified that a closed head injury caused the disorder; the expert for Unisea testified that the disorder had no relation to the claimed injury. The sole issue for the district court was the cause of Davis' disorder. After a two day bench trial, the district judge ruled in favor of Unisea. Davis timely appeals; we affirm.[1]
 
 
 4
 * "We review the district court's findings of fact under the clearly erroneous standard giving due regard to the 'opportunity of the trial court to judge of the credibility of the witnesses.' Fed.R.Civ.P. 52(a)." Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991) (quoting Rozay's Transfer v. Local Freight Drivers, Local 208, 850 F.2d 1321, 1326 (9th Cir.1988), cert. denied, 490 U.S. 1030 (1989)). Findings of fact that turn on credibility determinations deserve heightened deference due to "the factfinder's unique opportunity to observe the demeanor of the witnesses." Newton v. National Broadcasting Co., Inc., 930 F.2d 662, 671 (9th Cir.1990) (citation omitted). Admiralty cases have no special standing in this regard. Sauers v. Alaska Barge, 600 F.2d 238, 244 (9th Cir.1979) ("In admiralty, as in other types of cases, this court will not overturn the trial court's findings unless we are left with the definite and firm conviction that a mistake has been committed.").
 
 II
 
 5
 This appeal raises no questions of law. After reviewing the trial transcripts and the district court's holding, it is clear that the credibility of the witnesses and their testimony comprised the very heart of the ultimate ruling. It is in this province that an appellate panel is least equipped to proceed.
 
 The district judge stated:
 
 6
 [T]here is a profound frustration that the Court feels when trying to deal with a case such as this, where there is a clear fact dispute as to what in fact occurred or whether an injury occurred when the testimony of some of the witnesses could be most charitably described as dissembling....
 
 
 7
 The inconsistencies in the testimony in the plaintiff's case here are so pervasive as to preclude in my mind a finding that the plaintiff has met his burden of proving a causal connection between the vessel accident and his current problems, and I must, therefore, direct the entry of judgment of behalf of the defendant.
 
 
 8
 Trial Transcript, July 30, 1991 at 297-98. We find no clear error. See Findings of Fact and Conclusions of Law, August 2, 1991.
 
 
 9
 Davis' other arguments are meritless. The decision of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although represented by counsel in the district court, Davis takes this appeal pro se